1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAURICE WOODSON,

11            Plaintiff,                  No. 2:11-cv-1589 MCE KJN P

12        vs.

13   P. SAHOTA, et al.,

14            Defendants.                 <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20            Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1   make monthly payments of twenty percent of the preceding month's income credited to

2   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4   fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

2   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6   as true the allegations of the complaint in question,  id., and construe the pleading in the light

7   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

8   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9         Plaintiff suffers from high blood pressure.  Plaintiff states that his previous

10  physician prescribed blood pressure medicine that worked perfectly for plaintiff.  However,

11  plaintiff alleges that "the named defendants herein" took plaintiff off of his prior blood pressure

12  medicine, and put him on medication that is ineffective for treating his high blood pressure and

13  causes him severe headaches, dizziness, and light-headedness.  However, plaintiff does not set

14  forth specific allegations as to each named defendant, with one exception, but refers the reader to

15  appended administrative appeals.[1]

16        First, plaintiff is advised that he must provide factual allegations as to each named

17  defendant within the complaint.  Plaintiff must set forth a short and plain statement of his claims

18  as to each defendant so that the court, and the named defendant, can properly address such

19  claims.  While referencing exhibits is appropriate, relying on such exhibits to articulate specific

20  claims is insufficient.

21        Second, it appears that some of the individuals named in plaintiff's complaint

22  were only involved in reviewing plaintiff's administrative appeals.  Plaintiff is advised that

23  prisoners have no stand-alone due process rights related to the administrative grievance process.

24  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d

25

26        [1]  Exhibits appended to a complaint are a part thereof for all purposes.  See Fed. R. Civ.
P. 10(c).

3

850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances.  See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment).  Thus, plaintiff fails to state a cognizable claim as to defendants named solely for their role in addressing plaintiff's administrative appeals.

In order to state a section 1983 claim for a constitutional violation based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison

4

1  official must both be aware of facts from which the inference could be drawn that a substantial

2  risk of serious harm exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S.

3  825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of

4  serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at

5  847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial

6  risk of serious harm."  Id. at 842.  A physician need not fail to treat an inmate altogether in order

7  to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312,

8  1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some

9  treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.  Deliberate

10  indifference in the medical context may also be shown by a purposeful act or failure to respond

11  to a prisoner's pain or possible medical need.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

12  2006).

13         However, it is important to differentiate common law negligence claims of

14  malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel

15  and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical

16  malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d

17  458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06; see also Toguchi v. Chung, 391

18  F.3d 1051, 1057 (9th Cir. 2004).  It is well established that mere differences of opinion

19  concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

20  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344

21  (9th Cir. 1981).

22         Plaintiff fails to allege facts demonstrating that each defendant acted with a

23  culpable state of mind.[2]  Thus, the court finds the allegations in plaintiff's complaint so vague

24  

_____

25         [2]  Moreover, review of the administrative appeals reflects that during the grievance
   process, at the first level response, plaintiff's blood pressure was recorded as 139/89, which
26  Chief Zamora noted was "normal."  (Dkt. No. 1 at 50.)  At the second level of review, it was

1  and conclusory that it is unable to determine whether the current action is frivolous or fails to

2  state a claim for relief.  The court has determined that the complaint does not contain a short and

3  plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

4  flexible pleading policy, a complaint must give fair notice and state the elements of the claim

5  plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

6  Plaintiff must allege with at least some degree of particularity overt acts which defendants

7  engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the

8  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

9  however, grant leave to file an amended complaint.

10          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

12  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

13  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

14  unless there is some affirmative link or connection between a defendant's actions and the

15  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

16  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

17  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

18  268 (9th Cir. 1982).

19          In addition, plaintiff is hereby informed that the court cannot refer to a prior

20  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

21  an amended complaint be complete in itself without reference to any prior pleading.  This

22  requirement exists because, as a general rule, an amended complaint supersedes the original

23  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

24  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

25

26  noted that the medication Clonidine was added to plaintiff's medication protocol, and plaintiff's
    blood pressure was better controlled.  (Dkt. No. 1 at 48.)

1  amended complaint, as in an original complaint, each claim and the involvement of each

2  defendant must be sufficiently alleged.  Plaintiff need not re-file the exhibits previously

3  submitted, but may ask the court to re-attach them to any amended complaint.

4               In accordance with the above, IT IS HEREBY ORDERED that:

5               1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6               2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

7  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

8  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

9  Director of the California Department of Corrections and Rehabilitation filed concurrently

10 herewith.

11              3.  Plaintiff's complaint is dismissed.

12              4.  Within thirty days from the date of this order, plaintiff shall complete the

13 attached Notice of Amendment and submit the following documents to the court:

14                   a.  The completed Notice of Amendment; and

15                   b.  An original and one copy of the Amended Complaint.

16 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

17 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

18 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

19 Failure to file an amended complaint in accordance with this order may result in the dismissal of

20 this action.

21 DATED:  May 22, 2012

22

23                                         _____

24                                         KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE

25 wood1589.14

26

1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAURICE WOODSON,

11          Plaintiff,                    No. 2:11-cv-1589 MCE KJN P

12      vs.

13   P. SAHOTA, et al.,                   NOTICE OF AMENDMENT

14          Defendants.

15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____   Amended Complaint

19   DATED:

20

21                                        _____

22                                        Plaintiff

23

24

25

26