UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WOODSON, | No. 2:11-cv-1589 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| P. SAHOTA, et al., | |
| Defendants. | |

I. Introduction

Plaintiff proceeds, in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 11, 2013, plaintiff filed an amended complaint, and this case proceeds solely on plaintiff's Eighth Amendment claim against defendant Dr. Nangalama. (ECF Nos. 17, 19.) Multiple motions are pending, which the undersigned addresses below.

II. Motion to Compel Discovery & Request to Extend Discovery

On April 7, 2015, plaintiff filed a motion to compel discovery; specifically, plaintiff seeks the production of copies of medical records and administrative appeals that he was allegedly unable to personally obtain due to a lack of funds. On the same day, plaintiff filed a motion for a 45 day extension of time to file discovery requests based on the documents sought.

On April 16, 2015, defendant filed a motion to strike plaintiff's motion to compel. Defendant argued that plaintiff's motion to compel was improper because plaintiff sought to

1

1  compel defendant Dr. Nangalama to produce documents that plaintiff was denied by a third party,
2  but that in any event the motion is moot because Dr. Nangalama provided the requested
3  documents, including relevant medical records, to plaintiff on April 16, 2015.  (ECF No. 31 at 1.)
4  　　　　　Plaintiff did not file an opposition to defendant's motion to strike the motion to compel,
5  and did not reply to defendant's opposition to the motion to compel.
6  　　　　　Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may
7  move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.
8  37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or
9  incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have
10 'broad discretion to manage discovery and to control the course of litigation under Federal Rule
11 of Civil Procedure 16.'"  <u>Hunt v. Cnty. of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting
12 <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).
13 　　　　　Because defendant provided the documents, plaintiff's motion to compel production of
14 such documents is moot and is denied.  On March 30, 2015, the same day he signed his motion to
15 compel, plaintiff claimed he would need to propound discovery requests based on documents he
16 had not yet received or reviewed.  Such claim was speculative and premature.  Plaintiff could not
17 identify his need for discovery until he reviewed the documents.  After the documents were
18 provided, plaintiff did not oppose the motion to strike identifying what additional discovery, if
19 any, might be required.  In addition, plaintiff has not filed a request for additional discovery under
20 Rule 56(d) of the Federal Rules of Civil Procedure.  Thus, plaintiff's motion to extend the
21 discovery deadline is denied without prejudice.
22 III.  <u>Deposition Transcript and Proposed Corrections</u>
23 　　　　　On June 12, 2015, plaintiff filed a document styled, "Affidavit for extension of time and
24 showing cause why plaintiff should receive 30 to 45 days of extension of time to gain a copy of
25 April 9th, 2015 deposition transcript."  (ECF No. 32.)  Plaintiff recounted the above filings, and
26 asked the court to grant plaintiff the right to have his original time to view the deposition
27 transcript and to make the changes that need to be made.  Plaintiff complained that defendant's
28 counsel refused to provide plaintiff an additional 45 days in which to review and make changes to

1    the deposition transcript.  Plaintiff states that he exercised his right to receive a copy of the
2    deposition transcript when he said during the deposition, "I exercise my rights known and
3    unknown."  (ECF No. 32 at 2.)  At the end of the filing, plaintiff provided a copy of his May 18,
4    2015 letter to the court reporter, addressed to "Hello Ms. _____:" (ECF No. 32 at 27.)  In
5    this letter, plaintiff stated that the court reporter failed to inform plaintiff of his rights to pay for a
6    copy of the deposition transcript.  (Id.)  Plaintiff reiterated his right to receive a copy and asked
7    the reporter to send plaintiff a copy.  Plaintiff then set forth his proposed changes to the
8    deposition transcript.  (ECF No. 32 at 28-29.)
9        First, in his letter to the court reporter, plaintiff did not reference an enclosed payment or
10   offer to tender payment to the court reporter.  There is no statutory requirement for the
11   government to provide a litigant proceeding in forma pauperis with copies of a deposition
12   transcript.  See 28 U.S.C. § 1915(d).  See also Whittenberg v. Roll, No: 2:04-cv-2313 FCD JFM,
13   2006 WL 657381 at *5 (E.D. Cal. Mar. 15, 2006) (denying plaintiff's motion to compel
14   defendant to provide him with a copy of the deposition transcript free of charge).  Moreover,
15   under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition
16   is taken must provide a copy of the transcript to any party or to the deponent upon payment of
17   reasonable charges therefor.  Id.  Thus, the court will not order the court reporter, defense
18   counsel, or the defendant to provide plaintiff with a copy of his deposition transcript without
19   charge.  Plaintiff must obtain the deposition transcript from the officer before whom the
20   deposition was taken on April 9, 2015.  See Boston v. Garcia, No. 2:10–cv–1782 KJM DAD,
21   2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request for a court order
22   directing the defendant to provide him with a copy of his deposition transcript).  In addition, the
23   record reflects that plaintiff was provided with those portions of the deposition transcript upon
24   which defendant relies in the pending motion for summary judgment.  (ECF No. 39-6.)  Thus, to
25   the extent that plaintiff seeks a copy of the deposition transcript without charge, plaintiff's request
26   is denied.
27       Second, as to plaintiff's effort to correct deposition testimony, the court reporter was
28   required to provide plaintiff with a provisional copy of the transcript only if plaintiff made a

request to review it before the conclusion of his deposition. Fed. R. Civ. P. 30(e)(1). It appears that despite plaintiff's failure to make such a request before the deposition concluded, by letter dated May 6, 2015, defense counsel advised plaintiff that he was required to make such corrections within thirty days, as required under Rule 30(e)(1), and noted that prison staff was working to provide plaintiff with an opportunity to review the deposition transcript. (ECF No. 32 at 6.) It appears from the detailed corrections noted in plaintiff's May 16, 2015 letter to the court reporter, specifically citing page and line numbers, that plaintiff was able to make such corrections. (ECF No. 32 at 28-29.) Thus, plaintiff's request for an extension of time in which to correct his deposition testimony is denied without prejudice.

IV. Pretrial Motions Deadline

On July 10, 2015, defendant filed a motion to extend the pretrial motions deadline. Plaintiff did not oppose the motion. Good cause appearing, the pretrial motions deadline is extended to August 10, 2015, and defendant's motion for summary judgment is deemed timely filed. Plaintiff is reminded that pursuant to Local Rule 230(l), his opposition is due twenty-one days after the motion was filed. Failure to oppose the motion may result in a recommendation that this action be dismissed.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 29) is denied as moot;

2. Plaintiff's motion to extend the discovery deadline (ECF No. 30) is denied without prejudice;

3. Plaintiff's request for a copy of his deposition transcript (ECF No. 32) is denied;

4. Plaintiff's request for an extension of time in which to correct his deposition testimony (ECF No. 32) is denied without prejudice;

5. Defendant's motion to extend the pretrial motions deadline (ECF No. 36) is granted; and

////

////

6. The pretrial motions deadline is extended to August 10, 2015, and defendant's motion for summary judgment (ECF No. 39) is deemed timely filed.

Dated:  August 20, 2015

                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

/wood1589.mtc