UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WOODSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. NANGALAMA,<br><br>　　　　Defendant. | No. 2:11-cv-1589 MCE KJN P<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Plaintiff is a state prisoner, proceeding through a guardian ad litem, and with benefit of counsel for purposes of settlement only. This civil rights action filed under 42 U.S.C. § 1983, is set for settlement conference on July 10, 2018, at 9:00 a.m., before the undersigned. Both counsel shall appear in person; the guardian ad litem shall be available by phone. It is unclear whether plaintiff's counsel and guardian ad litem wish to have plaintiff available during the conference. Because the guardian ad litem represents plaintiff's interests, plaintiff's appearance at the conference is not required. Nevertheless, plaintiff's counsel shall confer with the guardian ad litem and advise this court, within thirty days, whether he wishes the court to make arrangements for plaintiff to appear by phone or by videoconference at the settlement conference, if at all.

Accordingly, IT IS HEREBY ORDERED that:

1. This matter is set for settlement conference on July 10, 2018, at 9:00 a.m., before the

1

undersigned.

2. The guardian ad litem shall be available by telephone.

3. Within thirty days from the date of this order, plaintiff's counsel shall advise the court whether or not he wishes plaintiff to appear at the settlement conference, either by phone or by videoconference.

4. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

5. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.

6. The Clerk of the Court is directed to serve a copy of this order on plaintiff's guardian ad litem, Mauriceana Woodson, 1700 East Date Street, Apt. 1020, San Bernardino, CA 92404.

Dated: April 12, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wood1589.setc

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).