IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAURICE WOODSON,** | Case No. 2:11-cv-01589 MCE KJN P |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS APPROVING THE SETTLEMENT AGREEMENT** |
| v. | |
| **P. SAHOTA, et al.,** | |
| Defendants. | |

## I.   BACKGROUND

Inmate-Plaintiff, Maurice Woodson filed a civil rights action alleging that the sole

remaining defendant, Dr. A. Nangalama, denied him sufficient medication to manage the chronic

pain in his elbows.[1]  Before the case was concluded, plaintiff suffered a debilitating stroke

unrelated to the claim in his first amended complaint, and the Court appointed his daughter,

Mauriceana Woodson, as his guardian ad litem.  The guardian ad litem, with the assistance of her

Court-appointed limited term counsel, Joshua Kaizuka, join the defendant in seeking the Court's

approval of a settlement agreement.  The Court recommends that the settlement be approved

---

[1]  Plaintiff earlier consented to the dismissal of the other named defendants who were
dismissed on July 18, 2014.  (ECF Nos. 18, 19.)

1 because the proposed settlement of the plaintiff's claim is in the plaintiff's best interests and is

2 fair and reasonable.  E.D. Cal. L.R. 202(b).

3 **II.  LEGAL STANDARD**

4       The Court has a special duty to safeguard the interests of incompetent persons.  Fed. R. Civ.

5 P. 17(c).  The Court must conduct its own inquiry to determine whether a proposed settlement

6 serves the best interests of an incompetent person.  Robidoux v. Rosengren, 638 F.3d 1177, 1181-

7 1182 (9th Cir. 2011); Smith v. City of Stockton, 185 F.Supp.3d 1242, 1243 (E.D. Cal. 2016)

8 (applying Robidoux inquiry to incompetent persons).  The Court should approve the settlement as

9 proposed by the parties as long as the plaintiff's recovery is fair and reasonable in light of the

10 facts of the case, the claim, and the average recovery in similar cases.  Robidoux, 638 F.3d at

11 1182.  The settlement of an incompetent person's claim is not effective unless approved by the

12 Court.  E.D. Cal. L.R. 202(b).

13 **III.  ANALYSIS**

14       On July 10, 2018, counsel for the parties, along with plaintiff's guardian ad litem

15 participated in a settlement conference with the Court.  Defendant agreed to pay plaintiff the sum

16 of $2,500 in exchange for dismissal of the action in its entirety with prejudice, with each party

17 maintaining responsibility for their own costs and attorney fees.

18       Plaintiff's First Amended Complaint alleges that defendant did not provide him with his

19 preferred pain management medication.  Alternatively, defendant argues that there was no

20 medical indication for continuing Tramadol, a highly-addictive medication with dangerous side

21 effects, and that he prescribed plaintiff alternative medications, Tylenol and Ibuprofen, based on

22 his medical judgment and knowledge of plaintiff's health.  Plaintiffs do not frequently succeed in

23 cases of this type because a disagreement over the course of treatment does not rise to the level of

24 deliberate indifferent care.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v.

25 Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Juries however, can be unpredictable, and defendant

26 substituted Tramadol, a narcotic medication used to treat moderate to severe pain, with an over-

27 the-counter pain reliever, Tylenol, used to treat mild to moderate pain.  If the case proceeds to

28

1  trial, the Court finds that plaintiff's risk of loss, given the deliberate indifference standard and

2  plaintiff's inability to present evidence, is great.

3      The parties agreed to a settlement of $2,500. The settlement monies will first be used to

4  pay plaintiff's restitution balance of approximately $947.14. Cal. Pen. Code § 2085.5. The

5  estimated remaining amount of $1,552.86 will be plaintiff's net recovery, and those funds will be

6  distributed to plaintiff's daughter and guardian ad litem. Plaintiff's guardian ad litem approves of

7  the proposed settlement. The Court has considered the plaintiff's likelihood of recovery

8  compared to similar cases. The Court finds that the net amount of the proposed settlement to be

9  distributed to plaintiff is fair and reasonable in light of the facts of the case, the specific claims,

10  and recoveries in other cases. See, e.g., Magarrell vs. Mangis, 50 Trials Digest 16th 5 (E.D. Cal.

11  Sept. 30, 2011) (defense verdict where inmate-plaintiff claimed prison doctor did not review his

12  chart or prescribe any medication to treat his kidney stone pain); Ashker vs. Sayre, 41 Trials

13  Digest 12th 5 (N.D. Cal. May 22, 2009) ($6,500 jury verdict for inmate-plaintiff who alleged

14  prison doctor improperly managed his pain with Tylenol and Ibuprofen instead of Tramadol).

15  **IV.   CONCLUSION**

16      Accordingly, the Court **FINDS** that the proposed settlement agreement is in plaintiff's best

17  interests, and **RECOMMENDS** that the joint motion to approve the settlement agreement be

18  **GRANTED**.

19      These findings and recommendations are submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties. Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

24  objections shall be filed and served within fourteen days after service of the objections. The

25  parties are advised that failure to file objections within the specified time may waive the right to

26  ////

27  ////

28  ////

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991);

<u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d

1391, 1394 (9th Cir. 1991)).

Dated:  August 13, 2018

/wood1589.set.gal.57

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE